**HARKINS AMUSEMENT ENTERPRISES, INC., and Daniel Harkins, individually and doing business as Tower Plaza Cinema 1 and 2, Plaintiffs,**

v.

**GENERAL CINEMA CORPORATION, OF ARIZONA, et al., Defendants.**

**No. CIV 77–736 PHX CLH.**

United States District Court, D. Arizona.

Aug. 2, 1990.

See also 748 F.Supp. 1413.

Robert C. Hackett, David W. Dow, Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C., Phoenix, Ariz., for defendant American Multi–Cinema, Inc.

Harry B. Swerdlow, Cooper, Epstein & Hurewitz, Beverly Hills, Cal., for defendant the Harry Nace Co.

Joel Linzner, Khourie, Crew & Jaeger, San Francisco, Cal., for defendant United Artists Communications, Inc.

Edwin Tobolowsky, N. Henry Simpson, Tobolowsky, Prager & Schlinger, Dallas,

Tex., David N. Farren, Shimmel, Hill, Bishop & Gruender, P.C., William P. French, Ann A. Scott Timmer, Scult, Lazarus & French, P.A., Phoenix, Ariz., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

When the Court reversed summary judgment in favor of all defendants in *Harkins Amusement Enterprises v. General Cinema Corporation*, 850 F.2d 477 (9th Cir. 1988), it noted at Footnote 4: "The distributors brought their partial summary judgment motion jointly, and have not attempted to argue that some are entitled to judgment on certain claims while others are not. At this stage of the proceeding, therefore, we have not attempted to make such a delineation." 850 F.2d at 491.

In deciding that there were genuine issues of fact regarding Harkins' claims of bid rigging, the Ninth Circuit gave as an example Twentieth–Century Fox's awarding "Star Wars" to Plitt Theatres on December 1, 1976, six days before re-bids were solicited. 850 F.2d at 488.

Twentieth–Century Fox has moved for partial summary judgment that its contract with Plitt for Star Wars was not entered into until April 28, 1977. The motion is supported by an affidavit by an expert in document reconstruction who examined a copy of a copy of a copy of the original license agreement between Plitt and Twentieth–Century Fox and concluded that perforated date stamp on the original contract, which is invisible to the naked eye on the copy, shows that the agreement was not entered into until April 28, 1977.

■ A genuine issue of fact still exists. Harkins has presented evidence that other license agreements bore perforated dates after the actual opening dates of films.

■ Harkins also argues that the expert's affidavit should not be considered because a proper foundation for application of the best evidence rule has not been made.

In *Von Brimer v. Whirlpool Corporation*, 362 F.Supp. 1182 (N.D.Cal.1973), the district court summarized the best evidence rule:

> Under the rule, the party who offers secondary evidence of the contents of a document alleged to be lost must go further than to show that it is doubtful whether or not the document exists; he must demonstrate to the satisfaction of the court that although it once existed, it cannot be found despite a diligent and unsuccessful search and that there is no reasonable probability that it has been designedly withheld or suppressed.

*Von Brimer*, 362 F.Supp. at 1187 (quoting *Sellmayer Packing Co. v. Commissioner of Internal Revenue*, 146 F.2d 707, 710 (4th Cir.1944).

While there is no evidence establishing a reasonable probability that Twentieth–Century Fox willfully destroyed or withheld the document, Twentieth–Century Fox has not made the required showing that it has made a diligent search for the original in its own files. Twentieth–Century Fox attests to the fact that it has searched what can be found of Plitt's files for the contract, but fails to explain whether it has been unable to find the original contract in its own files.

According to Twentieth–Century Fox, the original contract was produced along with an entire roomful of bid and contract which were gathered from the various branch offices throughout the country and presented for Harkins' inspection at Twentieth–Century Fox's corporate headquarters in Los Angeles, California. The bid file for Star Wars, which contained the original contract for the licensing of Star Wars, was examined by Mr. Harkins, who requested that copies of a number of these documents, including the Star Wars bad file, be made and given to him. The parties do not indicate why these copies were never produced.

After production, all documents were microfilmed and plaintiff was given free access to the microfilms at a central depository in Texas. At the time, Twentieth–Century Fox advised Harkins that the bid and contract files would be returned to the branch offices.

Twentieth–Century Fox has not explained why it is unable to retrieve the original contract from the files that were returned to its branch offices. However, if it can show that it conducted a diligent search for the contract, and was unable to locate it, they would not be precluded from introducing the xerox copy of the contract as a secondary evidence of the contents of the original.

 Finally, Harkins argues that the expert's affidavit should not be considered as a sanction for Twentieth–Century Fox's having lost the original document. Such a sanction would not be appropriate because it would also affect the other defendants.

IT IS ORDERED denying Twentieth–Century Fox's motion for partial summary judgment with special reference to "Star Wars."